UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILLUSIONS-DALLAS PRIVATE CLUB, INC., ET AL., | § § § § § | |
| Plaintiffs, | | |
| v. | § § § § § § § | CIVIL ACTION NO. 3: 04-CV-0201-B |
| JOHN T. STEEN, JR., ET AL., | | |
| Defendants. | | |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for Reconsideration and Brief in Opposition to Motion of the Defendants for Leave to Supplement Final Trial Exhibit List (doc. 93). The Court had previously granted Defendants leave to supplement their final trial exhibit list because it appeared that Plaintiffs would suffer no apparent prejudice. In their Motion for Reconsideration, Plaintiffs have convincingly articulated undue prejudice to their litigation strategy to warrant the Court to rescind its prior grant of leave to Defendants to supplement their trial exhibit list. Defendants have declined to file a response, but it is clear to the Court that Defendants should have, but failed to, identify and disclose these trial exhibits well before seeking leave of the Court.

Under Federal Rule of Civil Procedure 16(b), the Court will allow for the modification of a scheduling order only for good cause. A district court's decision to permit such a modification must be weighed against four factors: (1) the explanation of the failure to adhere to the scheduling order; (2) the importance of the discovery at issue; (3) the potential prejudice to the non-movant; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). In *Reliance*, the Fifth Circuit affirmed the district

court's refusal to allow a supplementation to the expert report because plaintiff proffered no justification for the delay and the resulting prejudice was two fold: defendant would be to have its expert create a new report and the trial date would be unfairly disrupted. *Id.* at 257-58; *see also Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (noting that the exclusion of the evidence was "merely enforcing the deadlines plainly set out in the court order and local rule for designating witnesses").

Here, the Court recognizes its improvidence in previously granting Defendants leave to supplement their trial exhibit list with exhibits that which, in practical effect, allows Defendants to supplement their expert report . The Court's Scheduling Orders set forth clear deadlines. At the pretrial conference, the Court advised the parties to pare down their exhibit lists to a realistic and manageable one. Plaintiffs were entitled and justified in relying on the Court's deadlines and Defendants' subsequent filings. Now, Plaintiffs would be unfairly prejudiced in their litigation strategy with this late addition to the exhibit list that Defendants have represented their expert will "likely need as exhibits during his testimony." Plaintiffs convincingly articulate unfair prejudice in being forced to rework their litigation strategy just weeks before trial, particularly with respect to their expert's opinions.

Meanwhile, Defendants offer no excuse for this apparent expert sandbag. In 2004, Plaintiffs' Request Number 5 sought documents regarding the amelioration of "adverse secondary effects alleged to be associated with sexually oriented businesses." Pls. Mot. at 1. At that time, Defendants represented they had no responsive documents but would supplement their response "should they obtain responsive documents." *Id.* at 2. The Court then ordered the filing of pretrial disclosures by June 28, 2007 and pretrial materials by July 20, 2007 (doc. 60). Pursuant to the Court's Order, Defendants filed their final trial witness and exhibit list by August 20, 2007 (doc. 82). On October

5, 2007, Defendants submitted their expert report, and, that same day, sought leave from this Court to allow them to supplement their trial exhibit list. Yet, Defendants have not and cannot articulate any excusable grounds to allow this late supplement particularly when the proposed exhibits at issue are responsive to Plaintiffs' prior discovery requests. Upon cursory review, all but two or three exhibits, pre-date the 2004 document request.

Finally, this case was filed on February 2, 2004, and the special trial setting is set for December 10, 2007. A continuance to allow for an additional round of expert reports and depositions would be an enormous waste of the time and resources of the parties and the Court. The Court will take Defendants failure to file a response to the instant Motion as acquiescence.

Accordingly, the Court GRANTS Plaintiffs' Motion. The Court hereby rescinds the leave granted Defendants to supplement their trial exhibit list and strikes the supplemental exhibit list from Defendants' final trial exhibit list.

SO ORDERED.

SIGNED November 29, 2007

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE