UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILLUSIONS-DALLAS PRIVATE CLUB, INC., ET AL., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3: 04-CV-0201-B |
| JOHN T. STEEN, JR., ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion for an Injunction Pending Appeal Pursuant to Federal Civil Rule 62(c) (doc. 108). For the foregoing reasons, the Motion is hereby DENIED.

### I. BACKGROUND

The background facts are familiar territory at this point in the proceedings. After this Court granted Defendants' motion for summary judgment, Plaintiffs appealed the decision. The Fifth Circuit affirmed the Court's ruling as to Plaintiffs' due process claims but reversed and remanded as to Plaintiffs' First Amendment claim regarding the constitutionality of § 32.03(k) of the Texas Alcoholic Beverage Code (doc 58). In relevant part, the appellate court found that Defendants had failed to produce "some evidence" to meet its "very light" evidentiary burden to establish that §32.03(k) furthers a substantial governmental interest. The Fifth Circuit instructed that, on remand, Defendants must produce "some evidence" to meet this evidentiary burden.

The Court held a bench trial on May 12, 2008. On May 13, 2008, the Court set forth its detailed findings of facts and conclusions of law and found that Defendants presented credible

1

evidence, by way of testimony and documents, proving "overwhelmingly" that § 32.03(k) of the Texas Alcoholic Beverage Code is narrowly tailored and furthers a substantial government interest. On May 15, 2008, the Court entered final judgment (doc. 106).

On May 20, 2008, counsel for Defendants advised counsel for Plaintiffs that, pursuant to the terms of their letter agreement of February 20, 2004, Defendants were withdrawing from their agreement that Plaintiffs would not be denied private club licenses based on § 32.03(k) (Ex. 3, doc. 108). On May 22, 2008, Plaintiffs filed their Notice of Appeal (doc. 107). Pursuant to Federal Rule of Civil Procedure 62(c), Plaintiffs now ask this Court to enjoin Defendants from enforcing § 32.03(k) pending the outcome of their appeal. That motion is now ripe for consideration.

## II. ANALYSIS

Federal Rule of Civil Procedure 62(c) affords a court the discretion to "suspend, modify, restore or grant an injunction during the pendency of the appeal." A Rule 62(c) motion to stay is the functional equivalent of a motion for a preliminary injunction, and thus, the same factors are applicable. *Restaurant Associates, Inc. v. Board of Adjustment of City of Fort Worth*, 259 F. Supp. 2d 559, 560 (N.D. Tex. 2003) (Means, J.). Those factors a court must consider are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (3) where the public interest lies.

*Id. citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The crux of Plaintiffs' Motion is that their appeal presents a "substantial legal question" - an apparently typical symptom of all First Amendment questions. Furthermore, according to Plaintiffs, given the "substantial legal question, it is not "always necessary" for Plaintiffs to demonstrate that

2

a substantial likelihood of success on the merits exists to obtain Rule 62(c) injunctive relief. *See* Pls. Br. at 3-4 ("The existence of a substantial legal question ... reduces the degree to which the movant must establish his ultimate likelihood of success on the merits."). Defendants dispute Plaintiffs' premise that Plaintiffs have a lower standard to meet because of the existence of a "substantial legal question." More importantly, Defendants argue that Plaintiffs cannot show a substantial likelihood of success on the merits of the appeal or that they will suffer irreparable injury without a stay. Upon review of the briefing and authority, the Court agrees with Defendants.

At the very outset, Plaintiffs contention that this action now involves a "substantial legal question" rings hollow. The various legal questions in this action involving Plaintiffs' constitutional rights were resolved by the Fifth Circuit. For example, the Fifth Circuit found the statute's predominate purpose was unrelated to the suppression of speech and thus subject to intermediate scrutiny. (doc. 58 at 10). As applied to this action, the Court of Appeals agreed that the State had not proffered any *evidence* to show Defendants had justified its substantial governmental interest. Thus, on remand, Defendants had to meet and did meet its "very light" evidentiary burden to demonstrate that § 32.03(k) furthered a substantial government interest. Consequently, when stripped of the hyperbolic "substantial legal question,"[1] Plaintiffs' brief is devoted to attacking the sufficiency of Defendants' expert evidence.

Notwithstanding this flaw, the Court finds that Plaintiffs fail to establish a substantial

---

[1] Indeed, when compared to even Plaintiffs' supporting authority, Plaintiffs' "substantial legal question" argument is unsound. *See, e.g., United States v. Baylor University Medical Center*, 711 F.2d 38, 40 (5th Cir. 1983) (recognizing whether Medicare and Medicaid payments constitute federal financial assistance under the Rehabilitation Act had broad impact on federal-state relations); *Thiry v. Carlson*, 891 F. Supp. 563, 566 (D. Kan. 1995) (noting that Religious Freedom Restoration Act was a "relatively new statute" and the "precise boundaries of RFRA are not yet clearly defined").

3

likelihood of success on the merits of their appeal. *See, e.g., Restaurant Associates*, 259 F. Supp. 2d at 560 (denying Rule 62(c) motion because movant failed to show substantial likelihood of success). The merits of Plaintiffs' appeal appear to rest heavily on *Joelner v. Village of Washington Park*, 508 F.3d 427 (7th Cir. 2007), a case which the Court considered and fundamentally distinguishable at the May 13, 2008 hearing. At first blush, the fact that the Seventh Circuit applied strict scrutiny because the court found that the statute was *not aimed* at combating negative secondary effects should be a harbinger to Plaintiffs. *Id.* at 431-32. Under the strict scrutiny analysis, the *Joelner* court affirmed the district court's finding that the municipality violated the plaintiff's First Amendment rights. The evidence conclusively established that ordinance was intended only to protect current (and politically connected) operators from competition. *Id.* at 432.

In this action, however, there is no evidence whatsoever of such motives.[2] To the contrary, the Fifth Circuit already found that § 32.03(k)'s "predominant purpose, as exhibited by its plain text and its place within the Texas Alcoholic Beverage Code, is unrelated to the suppression of speech ... [and] is intended to regulate the service of alcohol." (doc. 58 at 11). Additionally, the evidence admitted at the hearing conclusively showed that § 32.03(k) was intended to further a substantial government interest, namely curbing negative secondary effects related to the consumption of alcohol and sexually-oriented businesses.

---

[2] At the hearing, Plaintiffs, citing to *dicta* from *Joelner* opining that the ordinance would not have even survived intermediate scrutiny because it was underinclusive and similarly §32.03(k) was underinclusive. *Joelner*, 50 8 F.3d at 433. The Court, however, rejected Plaintiffs' underinclusiveness argument. In *Joelner*, the ordinance in question permanently insulated eight politically-connected establishments, whereas here, there was no evidence of *permanent* underinclusiveness. Instead, the Court had found § 32.03(k) akin to the challenged ordinance in *Young v. American Mini-Theatres*, 427 U.S. 50 (1976) where the Supreme Court upheld the ordinance because cities "must be allowed reasonable opportunity to experiment with solutions to admittedly serious problems." *Id.* at 72.

Moreover, weighing the other factors, the Court finds Plaintiffs' showing to be wanting. Plaintiffs' purported "loss of First Amendment freedoms," balanced against the overwhelming evidence to the contrary, is illusory. Plaintiffs' purported "economic harm," *i.e.,* loss of alcohol sales, falls far short of irreparable. Finally, in weighing the evidence of the negative secondary effects set forth at the hearing, the Court finds that the substantial harm, particularly in the form of more vice-related crime, would result with a Rule 62(c) injunction. The public interest would be best served by the enforcement, not the enjoinment, of § 32.03(k).

### III.  CONCLUSION

For these reasons, the Court denies Plaintiffs' Motion.

**SO ORDERED.**

**SIGNED June 20, 2008**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE